IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ANTONIO McCRARY, | : | MOTION TO VACATE |
| BOP # 73301-019, | : | 28 U.S.C. § 2255 |
| Movant, | : | |
| | : | CRIMINAL ACTION NO. |
| v. | : | 1:20-CR-271-SDG-JEM-1 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
| Respondent. | : | 1:22-CV-4552-SDG-JEM |

## FINAL REPORT AND RECOMMENDATION

Movant, Antonio McCrary, submitted a *pro se* motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. (Doc. 63.) The Government filed a response in opposition. (Doc. 65.) Movant did not file a reply. For the reasons stated below, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

## I.   PROCEDURAL HISTORY

On August 19, 2021, Movant pleaded guilty to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and theft of firearms, in violation of 18 U.S.C. §§ 2 and 924(*l*). (Docs. 1, 31.) On April 11, 2022, the District Court filed the judgment and commitment, sentencing Movant to 162 months of imprisonment, followed by three years of supervised release. (Doc. 45.) On August 2, 2022, the United States Court of Appeals for the Eleventh Circuit granted Movant's motion to voluntarily dismiss his appeal. (Doc. 62.)

On November 5, 2022, Movant timely executed his § 2255 motion. (Doc. 63 at 12.) Movant claims that (1) trial and appellate counsel provided ineffective assistance (grounds one, two, and four), and (2) he is actually innocent (ground three). (*Id.* at 4-9, 13-16.)

## II.   <u>STANDARD OF REVIEW</u>

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)). The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). In the present case, the

undersigned determines that an evidentiary hearing is not needed because the § 2255 motion and record of the case conclusively show that Movant is not entitled to relief.

### III.   DISCUSSION

"[F]ailure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States*, 538 U.S. 500, 509 (2003). To demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See also Smith v. Robbins*, 528 U.S. 259, 285-89 (2000) (applying *Strickland* to claims of ineffective assistance of appellate counsel). As to the first prong of *Strickland*, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotation marks omitted). As to the second prong, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697.

3

"[C]ounsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between [pleading guilty] and going to trial." *Searcy v. Fla. Dep't of Corr.*, 485 F. App'x 992, 997 (11th Cir. 2012) (per curiam) (quoting *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984)) (internal quotation marks omitted). A defendant who has pleaded guilty must satisfy the second prong of *Strickland* by showing that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also Connolly v. United States*, 568 F. App'x 770, 770-71 (11th Cir. 2014) (same). "In the context of pleas a defendant must show the outcome of the plea process would have been different with competent advice." *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

In grounds one and two, Movant claims that trial counsel, R. Gary Spencer, provided ineffective assistance because he (1) "failed to file specific motions [that Movant] asked him to file," (2) "did not devote sufficient time to [e]nsure an adequate defense," (3) "did not go over [the] discovery with [Movant]," (4) did not "know the fact[s] of [the] case," (5) "advised [Movant] to plead guilty . . . even though he did not know the law applicable to the facts of [the] case," and (6) "affirmatively misrepresented to [Movant] that the [G]overnment agreed to [recommend a sentence of] 120 months." (Doc. 63 at 4-6, 13-14.)

Movant waived his ineffective assistance claims before he pleaded guilty. A criminal defendant who has pleaded guilty "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *Stano v. Dugger*, 921 F.2d 1125, 1151 n.38 (11th Cir. 1991). The entry of a guilty plea "waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." *United States v. De La Garza*, 516 F.3d 1266, 1271 (11th Cir. 2008) (quoting *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) (per curiam)). Accordingly, Movant waived his claims that Spencer provided ineffective assistance because he (1) "failed to file specific motions [that Movant] asked him to file," (2) "did not devote sufficient time to [e]nsure an adequate defense," (3) "did not go over [the] discovery with [Movant]," and (4) did not "know the fact[s] of [the] case." (Doc. 63 at 13.)

Movant's only viable ineffective assistance claims regarding his guilty plea are that Spencer (1) "advised [Movant] to plead guilty . . . even though he did not know the law applicable to the facts of [the] case," and (2) "affirmatively misrepresented to [Movant] that the [G]overnment agreed to [recommend a sentence of] 120 months." (Doc. 63 at 13-14.) Insofar as Movant claims that Spencer's alleged ineffectiveness caused him to plead guilty involuntarily, Movant must satisfy *Strickland* and *Hill*. However, Movant indicated during the plea colloquy that he understood his rights and charges, had no disagreements with the admissible evidence against him, and admitted

that he was guilty. (Doc. 56 at 2-10.) Movant also indicated that he understood the possible penalties as well as the terms of his plea agreement, which provided that he would recommend a sentence of 120 months while the Government would recommend a sentence of 180 months. (*Id.* at 10-15.) Movant stated that he was satisfied with Spencer's representation and had enough time to discuss his case and guilty plea with Spencer. (*Id.* at 16-17.) The District Court found that Movant "knowingly, voluntarily, and competently" pleaded guilty with "the advice of experienced and informed counsel . . . ." (*Id.* at 17-18.)

Because the Court must presume that Movant's statements under oath during the plea colloquy were true, he bears "a heavy burden" to show that those statements were actually false. *United States v. Garcia*, 322 F. App'x 918, 919 (11th Cir. 2009) (per curiam) (citing *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)); *see also Connolly*, 568 F. App'x at 771 ("The Supreme Court has determined that a defendant's representations at a plea hearing 'constitute a formidable barrier in any subsequent collateral proceedings.'") (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988) (holding that defendant bears heavy burden to show that his statements under oath at plea colloquy were false).

Movant presents no evidence showing that he made false statements during the plea colloquy. Therefore, the undersigned concludes that Movant fails to satisfy his heavy burden, and he is not entitled to relief on his claims of ineffective assistance of counsel in connection with his guilty plea. *See Patel v. United States*, 252 F. App'x 970, 975 (11th Cir. 2007) (per curiam) (determining

that movant's § 2255 allegations in direct conflict with statements during plea colloquy and unsupported by evidence did not establish involuntariness of plea).[1]

In ground four, Movant claims that appellate counsel, Adam Hames, provided ineffective assistance because he failed to raise a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and instead "convinced [Movant] to [dismiss his] appeal . . . ." (Doc. 63 at 8-9, 16.) In *Rehaif*, the United States Supreme Court held that the Government must prove that a defendant charged under 18 U.S.C. § 922(g) knew that he (1) possessed a firearm, and (2) was a convicted felon when he possessed it. *Rehaif*, 139 S. Ct. at 2194, 2200. The requirements of *Rehaif* were satisfied during the plea colloquy because Movant admitted that he knew he (1) possessed a stolen firearm, and (2) was a convicted felon when he possessed it. (Doc. 56 at 9-10.) Movant's plea agreement also included a valid appeal waiver that covers a *Rehaif* claim. (*Id.* at 14-15.) Accordingly, there was no need for appellate counsel to raise a *Rehaif*

_____

[1] On January 25, 2022, Spencer withdrew and was replaced by Crystal Bice. (Doc. 41.) In ground one of his § 2255 motion, Movant mentions that he "tried to withdraw [his] plea" after Spencer withdrew from the case. (Doc. 63 at 13.) The Government construes that reference as a claim that Bice provided ineffective assistance by failing to file a motion to withdraw Movant's guilty plea. (Doc. 65 at 14-15.) However, the undersigned finds that the § 2255 motion does not reflect an intent to raise such a claim because ground one refers only to Spencer's allegedly ineffective assistance. Movant did not address the Government's interpretation of ground one because he did not file a reply.

claim. "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 F. App'x 801, 803 (11th Cir. 2011) (per curiam) (citing *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). Movant fails to show (1) deficient performance, and (2) a reasonable probability of a different outcome.

Finally, in ground three, Movant claims that he is actually innocent. (Doc. 63 at 7-8, 15.) However, Movant fails to present proof, and his claim does not state an independent ground for relief. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993). Accordingly, the undersigned **RECOMMENDS** that the § 2255 motion be **DENIED**.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [§ 2255 motion] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

The undersigned **RECOMMENDS** that a certificate of appealability be **DENIED** because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

## V.   CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** that (1) the § 2255 motion (Doc. 63) be **DENIED**, a certificate of appealability be **DENIED**, and civil action number 1:22-CV-4552-SDG-JEM be **CLOSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned.

**SO RECOMMENDED**, this 29th day of January, 2024.

J. ELIZABETH McBATH
UNITED STATES MAGISTRATE JUDGE